EDDY AND CROSS, RECEIVERS, v. JAMES W. STILL.

No. 169.

1. **Railway Company — Unlighted Depot — Charge of Court .—** Where there was evidence that plaintiff's wife was injured in stepping from a train upon an unlighted platform, the court properly submitted to the jury as a ground of recovery the negligence of the defendant railway company in failing to provide proper lights for the accommodation of its passengers in leaving the cars at night, although no witness testified directly that the lack of lights contributed to the injury, or that the accident would not have occurred had the platform been properly lighted.

2. **Practice on Appeal—Assignment of Error.—**An assignment, that '' the court erred in submitting to the jury, by the sixth and seventh paragraphs of its charge, the question of defendant's liability upon an hypothesis not presented in the pleadings and evidence in the case,'' without disclosing what '' hypothesis'' is referred to, is not in compliance with the statute.

**3. Same.**—An assignment, that the charge of the court, "by its generality, permits the jury to find against the defendants upon issues of fact not presented by the petition and answer," is itself too general; and if appellants desired more specific instructions they should have requested them before the case was given to the jury.

**4. Charge of Court—Repetition of Amount of Damages Claimed.** Where the suit was for $5000 damages, and a verdict, not excessive under the evidence, was returned for $1250, it does not appear from the record that the amount of the verdict was enhanced by the fact that the charge several times instructed the jury not to exceed the amount of $5000 claimed in the petition.

APPEAL from Johnson.    Tried below before Hon. J. M. HALL.

*R. C. Foster* and *A. E. Wilkinson,* for appellants.— 1. There was no evidence that the absence of lights contributed to the injury, yet under the charge of the court the defendants were held liable as for absence of lights. Railway v. Faber, 63 Texas, 344; Altgelt v. Brister, 57 Texas, 432; Cook v. Dennis, 61 Texas, 246; Railway v. Greenlee, 62 Texas, 344; Railway v. Platzer, 73 Texas, 124; Franklin v. Smith, Posey's U. C., 29; Cox v. Harvey, Posey's U. C., 268.

2. The charge as a whole did not anywhere restrict the right to recover to the particular acts of negligence alleged. Railway v. Terry, 42 Texas, 454; Railway v. Larkin, 64 Texas, 461; Railway v. Rider, 62 Texas, 267; Markham v. Carothers, 47 Texas, 28.

*Crane & Ramsey* and *H. C. Gardner,* for appellee.— 1. The evidence showing that the platform was not lighted, and that the plaintiff's wife was injured on the platform, it was proper for the court to submit the question of negligence in the failure of defendants to light the platform as a cause contributing to the injury, and leave with the jury to determine whether it did or not.

2. The court correctly charged, that if the jury found for plaintiff, it must be only in such sum as the evidence showed him entitled to recover, in no event to exceed $5000; and appellants have no right to complain of a repetition of this charge with such limitation. Railway v. Styron, 66 Texas, 427.

HEAD, ASSOCIATE JUSTICE.—On November 1, 1889, Mary E. Still, the wife of appellee, was a passenger on one of appellants' trains going from Hillsboro to Grandview. The train arrived at Grandview about 4 o'clock in the morning, while it was still dark. The verdict establishes negligence on the part of appellants in not having its depot and platform where passengers were expected to leave the cars properly lighted, and also in failing to stop the train on the morning in question a reasonable time to enable the passengers to leave the same in safety. The verdict

also establishes that appellee's wife was not guilty of contributory negligence in leaving the train at the time and in the manner she did, although it was then in motion; there being sufficient evidence to sustain a finding that by starting the train while she was on the steps in the act of leaving, with other passengers pressing behind her, she was put to the election of either jumping or falling, and she selected the least dangerous course. The verdict also establishes that appellee's wife, by jumping from the moving train, sprained one of her ankles, for which the jury found damage in the sum of $1250, which, under the evidence, is not excessive.

*Conclusions of Law.*—The court did not err in submitting to the jury the negligence of appellants in failing to provide proper lights for the accommodation of their passengers in leaving the train, as a ground of recovery under the evidence in this case. Appellants contend that the court erred in submitting this issue, because there was no evidence that the lack of lights in any way contributed toward causing the injury. It is true no witnesses testified the injury would not have been received had the platform been properly lighted; but several do testify that Mrs. Still was forced to jump from the car steps to the platform in the dark, while the train was in motion, and in doing this her ankle was sprained. There are perhaps but few of us who have not at sometime, while walking or leaping in the dark, been disagreeably surprised by striking the foundation a little earlier or a little later than we expected, and have fully realized that the danger of receiving injuries under such circumstances is much enhanced by not being provided with sufficient lights, and it was not necessary for a witness to tell the jury this. The evidence does not show just what caused the injury; that is, whether it was caused by alighting upon an uneven place in the platform, or only by the leap itself; but in either case we think it was for the jury to say whether or not making the leap in the dark caused the consequences to be more serious than they otherwise would have been.

Appellants' second assignment of error is: "The court erred in its charge in submitting to the jury at all the question of defendants' liability for the wrongs complained of, because there was no evidence that plaintiff's wife was injured in the manner nor by the negligent acts alleged in the petition." Both plaintiff and his wife testified that the injuries were received in the manner detailed above. A Miss Brand testified that Mrs. Still, immediately after the leap, complained of having hurt her foot. A physician was called about a week after the injury, and testified to the then bruised, swollen, and sprained condition of the ankle. In this state of the evidence, we would not be authorized to disturb the finding of the jury that the injuries complained of were received. That appellants were guilty of negligence in not stopping the train a sufficient length of time, and that Mrs. Still was not guilty of negligence in leaving

the train as she did, we think also sufficiently shown by the evidence to sustain the verdict. This assignment is therefore not well taken.

Appellant's third assignment of error is: "The court erred in submitting to the jury, by the sixth and seventh paragraphs of its charge, the question of defendant's liability upon a hypothesis not presented by the pleadings nor the evidence in the case." As to what "hypothesis" is referred to in this assignment, we are not advised, and do not feel called upon to search through the charge and evidence to find it for ourselves. The assignment is not in compliance with the statute and rules, and will not be considered further.

In their fourth assignment appellants complain at the refusal of the court to give a special charge requested by them on the issue of contributory negligence, and also at a clause in the charge given the jury, to the effect that although plaintiff's wife knew of the danger, she would not be guilty of contributory negligence unless she voluntarily took the risk. We think the charge requested by appellants was substantially embraced in the main charge, and that the evidence raised the issue as to whether Mrs. Still voluntarily left the train while in motion or was forced to leave to keep from falling, and this assignment is therefore not well taken.

Appellants' fifth assignment is as follows: "The court erred in its charge as a whole, in that the same is not confined to the issues made by the pleadings, nor does it present the question of defendants' liability upon the case made by the pleadings, but by its generality permits the jury to find against the defendants upon issues of fact not presented by the petition and answer." We think this assignment is more general than the charge complained of, and should not be considered. It points to no positive error committed by the court, and if appellants desired more specific instructions, they should have requested them before the case was given to the jury.

Appellants' sixth assignment is: "The court erred in its instructions to the jury, because the charge as a whole does not require nor permit a verdict for defendants unless the injured person was herself negligent." The charge only authorized a recovery against appellants in case the jury found them guilty of negligence, and Mrs. Still free from negligence. If appellants thought they were entitled to a verdict upon other grounds, they should have requested special instructions presenting them.

We see no reason from the record to suppose that the amount of the verdict was enhanced by the fact that the charge several times instructed the jury not to exceed the amount claimed in the petition. The amount claimed was $5000, while the verdict was only for $1250. While the action of the court is not to be commended in this respect, it is not reversible error in this case.

What we have already said shows that we are of opinion that the evi-

dence was sufficient to sustain the verdict, in finding that plaintiff's wife was injured as alleged, without contributory negligence on her part, and also in finding negligence on the part of appellants; and their eighth, ninth, and tenth assignments are therefore not well taken.

We think this sufficiently disposes of all of appellants' assignments of error, and it follows that the judgment of the court below should be in all things affirmed, and it is so ordered.

*Affirmed.*

Delivered May 24, 1893.

A motion for rehearing was refused.